IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

SHAWN BRUCE LINTON, )
)
Plaintiff, ) TC-MD 140423D
)
v. )
)
DEPARTMENT OF REVENUE, )
State of Oregon, )
)
Defendant. ) **FINAL DECISION OF DISMISSAL**

This Final Decision of Dismissal incorporates without change the court's Decision of

Dismissal entered January 20, 2015. The court did not receive a request for an award of costs

and disbursements within 14 days after its Decision of Dismissal was entered. *See* TCR-MD 16.

Plaintiff filed his Complaint November 12, 2014, appealing Defendant's Notice of

Proposed Adjustment and/or Distribution dated January 16, 2013 (Notice), for the 2011 tax year.

In response to Plaintiff's Complaint, Defendant filed its Motion to Dismiss on November 25,

2014, and its "Explanation that Plaintiff's Appeal was Filed Untimely" (Explanation) on

December 12, 2014. Plaintiff filed his letter in response to Defendant's Explanation on

December 24, 2014 (Response). Defendant filed its "Response to the Plaintiff's Explanation" on

January 2, 2015 (Reply).

I. STATEMENT OF FACTS

In its Explanation, Defendant stated that Plaintiff filed an amended 2011 Oregon state

income tax return on September 4, 2012, and that Defendant "sent a Request for Information on

October 5, 2012," allowing Plaintiff 30 days to submit a copy of his "Oregon Amended Schedule

and an explanation of the changes the Plaintiff was requesting." (Def's Explanation at 1 (citation

omitted).) Defendant stated that Plaintiff did not provide the requested information and Plaintiff

concurred, stating in his response that "[D]efendant is correct in the fact that I did not respond to the letter dated OCT. 5, 2012." (*Id*.; Ptf's Response at 1.) Plaintiff's response listed various reasons why he did not respond, including the explanation that he travels "a lot for work" and when he "returned home and received the letter the 30 day timeline had already expired." (Ptf's Response at 1.)

Defendant's Explanation stated:

"Because no information was received, the Defendant issued a Notice of Proposed Refund Adjustment on January 16, 2013. Any disagreement with a Notice of Proposed Refund Adjustment must be appealed to the Oregon Department of Revenue within 30 days of the date of the notice."

(Def's Explanation at 1 (citations omitted).) Defendant's Notice stated "two appeal options:

Option A: Written objection" and "Option B: Conference." (*Id*., Attach B-2.)

In his Response, Plaintiff wrote:

"I did in fact receive a notice of proposed refund adjustment dated JAN. 16, 2013, while the defendant states that I did not respond to this, that simply is not true, I did in fact contact the department by phone, almost immediately upon receiving this, and also faxed them the documents that they were requesting on three different occasions between JAN. 16, 2013 and JUL. 5, 2013, the department stated at these times that they either did not receive the information, that it was not the correct information, and eventually that it was received too late. * * *."

(Ptf's Response at 1-2.) Plaintiff did not attach evidence of facsimile transmissions to his response. Defendant acknowledged in its Explanation that it "received on March 14, 2013 a written objection dated March 1, 2013 from the Plaintiff through his authorized representative." (Def's Explanation at 2 (citation omitted).) Defendant stated:

"The written objection was received beyond 30 days from the date of the notice. This is an untimely appeal with the Department of Revenue. If the Notice of Proposed Refund Adjustment is not appealed to the department within 30 days, the appeal must be made to the Magistrate Division of the Oregon Tax Court, not the Department of Revenue."

(*Id*.) (Citation omitted.) Defendant's Explanation stated that on "May 14, 2013, the Defendant sent a response to the written objection to the Plaintiff explaining the appeal process and that the appeal period has expired." (*Id*.) (Citation omitted.)

In his Response, Plaintiff stated that he "did not receive [Defendant's letter dated May 14, 2013]. Had I received this I would have responded to them much sooner." (Ptf's Response at 2.) Defendant's Reply stated:

> "The Plaintiff stated that he has not received the Defendant's letter dated May 4, 2013. This letter was sent to the Plaintiff as a courtesy stating that the appeal period has expired. The Department of Revenue sent the letter to the last known address of the Plaintiff * * * which is also his current address on file."

(Def's Reply at 2.)

Plaintiff's Response stated:

> "I then received a notice dated NOV. 25 2013 stating that my 2012 refund of $473.00 had been put towards paying off my unpaid taxes for the year 2011. Once again I immediately contacted the department by phone. * * *.
>
> "On APR. 8, 2014 a levee was imposed on my bank acct. by the defendant, I again contacted the defendant by phone to ask what I needed to do to avoid further garnishment and prevent damaging my credit even more that it already had. The defendant stated at that time that I would need to pay the balance in full to avoid any further garnishment, And that I would have two years (not 90 days) to appeal this to the magistrate division. Had the defendant told me that I only had 90 days I surely would have filed within that time. * * *."

(*Id*.) Plaintiff stated that

> "In closing I would like to say that I feel that both parties have probably made mistakes throughout this process, and I also feel that when I contacted the defendant on multiple occasions by phone to try and resolve this issue the information and instruction that I was given was very confusing and sometimes misleading."

(*Id*.)

/ / /

/ / /

## II. ANALYSIS

ORS 305.280(2)[1] provides, in relevant part, that "[a]n appeal from a proposed adjustment under ORS 305.270 shall be filed within 90 days after the date the notice of adjustment is final." Defendant's Notice was dated January 16, 2013. The Notice stated that Plaintiff had 30 days to file a written objection or request a conference. February 15, 2013, was 30 days from the date of Defendant's Notice.

Plaintiff's Response stated that he "contact[ed] the department by phone, almost immediately upon receiving [Defendant's Notice], and also faxed them the documents that they were requesting on three different occasions between JAN. 16, 2013 and JUL. 5, 2013[.]" Plaintiff's decision to "contact the department by phone" was not one of the two appeal options authorized by Defendant. Plaintiff did not submit copies to the court of the documents that he faxed to Defendant, nor did he submit facsimile transmission acknowledgments. There is no evidence that Plaintiff filed his written objection within the 30-day period. Defendant stated that it received Plaintiff's written objection dated March 1, 2013, on March 14, 2013 – a date beyond February 15, 2013, the last day to file a written objection.

Having failed to file a timely written objection to Defendant's Notice, Plaintiff had an opportunity to file an appeal with this court. The time period to file an appeal with this court was within 90 days after Defendant's Notice was final. *See* ORS 305.280(2). Defendant's Notice was final on February 15, 2013. Plaintiff filed his appeal with this court on November 12, 2014 – a date substantially beyond the 90-day statutory appeal period.

Plaintiff's Response referenced other correspondence with Defendant after February 15, 2013. Any correspondence with Defendant or from Defendant after February 15, 2013, did not

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2013.

extend the statutory time period to respond to Defendant's Notice. Plaintiff's opportunity to appeal Defendant's Notice expired without Plaintiff filing an appeal with this court.

III. CONCLUSION

Having considered the submissions of the parties, the court finds that this case should be dismissed. Now, therefore,

IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss is granted.

Dated this ____ day of February 2015.

JILL A. TANNER
PRESIDING MAGISTRATE

***If you want to appeal this Final Decision of Dismissal, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.***

***Your complaint must be submitted within <u>60</u> days after the date of the Final Decision of Dismissal or this Final Decision of Dismissal cannot be changed. TCR-MD 19 B.***

***This document was signed by Presiding Magistrate Jill A. Tanner on February 6, 2015. The court filed and entered this document on February 6, 2015.***